FILED

JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____ Nov 01, 2022 _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                         Defendants
KHALID ASHANTI RAHEEM, II

* * * * *


**JURY INSTRUCTIONS**


1

**INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain some rules that you must use in evaluating testimony and evidence.  Then I will explain the elements, or parts, of the crime that the defendants are accused of committing.  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved each defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them.  This includes the instructions I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy, fear, or prejudice you may feel influence your decision in any way.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, each defendant has pleaded not guilty to the crimes charged in the indictment.  The indictment is not evidence of guilt.  It is just the formal way the government tells the defendant what crime he is accused of committing.  It does not raise any suspicion of guilt.

Instead, each defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that neither defendant has an obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find each defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

4

**EVIDENCE DEFINED**

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is simply evidence, like the testiomy of an eyewitness, that directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(1) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(2) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(3) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(4) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(5) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(6) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(7) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe a witness's testimony was contradicted by other evidence, remember people sometimes forget things, and even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

### LAWYERS' OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## DEFINING THE CRIME AND RELATED MATTERS

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of each of the crimes that each defendant is accused of committing.

But before I do that, I want to emphasize that each defendant is only on trial for the particular crime charged in the indictment (and the lesser charges that I will explain to you).  Your job is limited to deciding whether the government has proved the crime charged (or one of those lesser charges).

**SEPARATE CONSIDERATION OF EACH CHARGE—SINGLE DEFENDANT
CHARGED WITH MULTIPLE CRIMES**

Defendant Khalid Ashanti Raheem, II and Defendant Frank Trammell, Jr. have each been charged with several crimes.  The number of charges is not evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

### SEPARATE CONSIDERATION—MULTIPLE DEFENDANTS CHARGED WITH A SINGLE CRIME

Each defendant has been charged in Count 1 with conspiracy to possess with intent to distribute controlled substances, and Counts 12 and 13 with distribution of controlled substances. But in our system of justice, guilt or innocence is personal and individual.  It is your duty to separately consider the evidence against each defendant, and to return a separate verdict for each one of them.  For each defendant, you must decide whether the government has presented evidence proving that particular defendant guilty beyond a reasonable doubt.

Your decision on one defendant, whether it is guilty or not guilty, should not influence your decision on the other defendant.

14

**UNINDICTED, UNNAMED OR SEPARATELY TRIED CO-CONSPIRATORS**

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

15

## ON OR ABOUT

Next, I want to say a word about the dates mentioned in the indictment.  The indictment charges that Count 1 happened beginning "on or about" December 7, 2017, and continuing to "on or about" July 25, 2020. The indictment charges that Count 2 happened "on or about" January 14, 2020, Count 3 happened "on or about" January 22, 2020, Count 4 happened "on or about" January 30, 2020, Count 6 happened "on or about" February 13, 2020, Count 11 happened "on or about" April 1, 2020, Count 12 happened "on or about" May 1, 2020, Count 13 happened "on or about" May 7, 2020, Count 14 happened "on or about" May 21, 2020, Count 15 happened "on or about" July 15, 2020, and that Count 19 happened "on or about" July 19, 2020.  The government does not have to prove that each crime happened on that exact date.  But the government must prove that each crime happened reasonably close to that date.

16

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.

Now, I will explain the elements of the crimes that each defendant is accused of committing.

### DEFINITION OF THE CRIME
### Count 1: Conspiracy to Distribute Controlled Substances

(1) Count 1 of the indictment charges the defendants, Khalid Ashanti Raheem, II and Frank Trammell, Jr., with conspiracy to distribute a mixture and substance containing a detectable amount of fentanyl or heroin.  It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership. For you to find either of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

    A.  First, that two or more persons conspired, or agreed, to distribute a mixture and substance containing a detectable amount of fentanyl or heroin.

    B.  Second, that the defendant(s) knowingly and voluntarily joined the conspiracy.

(3) Now I will give you more detailed instructions on some of these terms.

## AGREEMENT

(A) With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to distribute a mixture and substance containing a detectable amount of fentanyl or heroin.

(1)     This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

(2)     What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to distribute a mixture and substance containing a detectable amount of fentanyl or heroin.  This is essential.

(3)     An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(4)     A government agent cannot be a member of the conspiracy.  Therefore, if you find that Defendant Frank Trammell, Jr. or Defendant Khalid Ashanti Raheem, II made an agreement with a government agent only, that is not enough to find him guilty of a conspiracy.

18

(5) One more point about the agreement.  The indictment accuses the defendants of conspiring to commit several drug crimes.  The government does not have to prove that the defendants agreed to commit all these crimes.  But the government must prove an agreement to commit at least one of them existed for you to return a guilty verdict on the conspiracy charge.

### DEFENDANT'S CONNECTION TO CONSPIRACY

(B) With regard to the second element – the defendant's connection to the conspiracy – the government must prove that each defendant knowingly and voluntarily joined that agreement.

(1) The government must prove that each defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.  You must consider each defendant separately in this regard.

(2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy, or that their connection to it was substantial.  A slight role or connection may be enough.

(3) Further, this does not require proof that the defendant knew the drug involved was fentanyl or heroin.  It is enough that the defendant knew that it was some kind of controlled substance.  Nor does this require proof that the defendant knew how much fentanyl or heroin was involved.  It is enough that the defendant knew that some quantity was involved.

(4) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make them a conspirator.  These are all things that you may

20

consider in deciding whether the government has proved that a defendant joined a conspiracy.  But without more they are not enough.

(5) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that they knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(C) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find either of these defendants guilty of the conspiracy charge.

## UNANIMITY REQUIRED: DETERMINING AMOUNT OF CONTROLLED SUBSTANCE (§ 846)

The defendants, Khalid Ashanti Raheem, II and Frank Trammell, Jr., are charged in Count 1 of the indictment with conspiracy to distribute a mixture and substance containing a detectable amount of fentanyl or heroin.  If you find either or both of the defendants guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to each person as the result of their own conduct and the conduct of other co-conspirators that was reasonably foreseeable to them. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 40 grams of a mixture and substance containing a detectable amount of fentanyl was attributable to the defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity.  If you unanimously find that the government has proved beyond a reasonable doubt that some quantity less than 40 grams of a mixture and substance containing a detectable amount of fentanyl was attributable to the defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 100 grams of a mixture and substance containing a detectable

22

amount of heroin was attributable to the defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity.  If you unanimously find that the government has proved beyond a reasonable doubt that some quantity less than 100 grams of a mixture and substance containing a detectable amount of heroin was attributable to the defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

In determining the quantity of the controlled substance, you need not find that the defendant knew that his offense involved this quantity of drugs.

**DEFINITION OF THE CRIME**
**Counts 2-4, 6, 11-14: Distribution of Controlled Substances**

(1) Counts 2-4, 6, and 11-14 of the indictment charge the defendant Frank Trammell, Jr. with the crime of distributing a mixture and substance containing a detectable amount of fentanyl, a controlled substance, on or about the following dates:

| COUNT | DATES |
|-------|-------|
| 2 | January 14, 2020 |
| 3 | January 22, 2020 |
| 4 | January 30, 2020 |
| 6 | February 13, 2020 |
| 11 | April 1, 2020 |
| 12 | May 1, 2020 |
| 13 | May 7, 2020 |
| 14 | May 21, 2020 |

For you to find Frank Trammell, Jr. guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

A.  First, the defendant knowingly or intentionally distributed fentanyl as alleged in Counts 2-4, 6, and 11-14; and

B.  Second, that the defendant knew at the time of distribution that the substance was a controlled substance.

24

**DEFINITION OF THE CRIME**
**Counts 12-13: Distribution of Controlled Substances**

(1) Counts 12-13 of the indictment charge the defendant Khalid Ashanti Raheem, II with the crime of distributing a mixture and substance containing a detectable amount of fentanyl, a controlled substance, on or about the following dates:

| COUNT | DATES |
|---|---|
| 12 | May 1, 2020 |
| 13 | May 7, 2020 |

For you to find Khalid Ashanti Raheem, II guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    A.  First, the defendant knowingly distributed fentanyl as alleged in Counts 12-13; and

    B.  Second, that the defendant knew at the time of distribution that the substance was a controlled substance.

**Definitions for Counts 2-4, 6, 11-14: Distribution of a Controlled Substance**

(2) Now I will give you more detailed instructions on some of the terms used in Counts 2-4, 6, 11-14.

A.      The term "distribute" means the defendant delivered or transferred a controlled substance.  The term distribute includes the actual, constructive, or attempted transfer of a controlled substance.  The term distribute includes the sale of a controlled substance.

B.      To prove that the defendant "knowingly" distributed the fentanyl, the defendant did not have to know that the substance was fentanyl.  It is enough that the defendant knew that it was some kind of controlled substance.  Further, the defendant did not have to know how much fentanyl they distributed.  It is enough that the defendant knew that they distributed some quantity of a controlled substance.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on these charges.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

26

**DEFINITION OF THE CRIME**
**Count 15: Possession with Intent to Distribute Fentanyl**

(1) Defendant Frank Trammell, Jr. is charged with the crime of possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl. Fentanyl is a controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    A. First, the defendant knowingly or intentionally possessed fentanyl.

    B. Second, the defendant intended to distribute fentanyl.

(2) Now I will give you more detailed instructions on some of these terms.

    A. To prove that the defendant "knowingly" possessed the fentanyl, the defendant did not have to know that the substance was fentanyl. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much fentanyl they possessed. It is enough that the defendant knew that they possessed some quantity of fentanyl.

    B. The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

(3) In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of

27

the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs.  The law does not require you to draw such an inference, but you may draw it.

(4) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**Aiding and Abetting**
**Counts 2-4, 6, 11-14: Distribution of a Controlled Substance**
**Count 15: Possession with Intent to Distribute Fentanyl**

(1) For you to find the defendants guilty of distribution of a controlled substance or possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, it is not necessary for you to find that the defendant committed the crime. You may also find the defendant is guilty if the defendant intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider or abettor.

(2) But for you to find the defendant guilty of distribution of a controlled substance, possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A) First, that the charged crime, distribution of a controlled substance or possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, was committed.

> (B) Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

> (C) And third, that the defendant intended to help commit or encourage the crime.

(3) Proof that the defendant may have known about the crime, even if they were there when it was committed, is not enough for you to find them guilty. You can consider this in deciding whether the government has proved that they were an aider or abettor, but without more it is not enough.

29

(4) What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of distribution of a controlled substance or possession with the intent to distribute a mixture and substance containing a detectable amount of fentanyl, as an aider and abettor.

### UNANIMITY REQUIRED: DETERMINING AMOUNT OF CONTROLLED SUBSTANCE (§ 841)

The defendants, Khalid Ashanti Raheem, II and Frank Trammell, Jr., are charged in the indictment with knowingly and intentionally distributing a quantity of a mixture and substance containing a detectable amount of fentanyl as follows:

| Defendant | COUNT | DATES | CHARGE |
|-----------|-------|-------|--------|
| Raheem | 12 | May 1, 2020 | *Distribution of Controlled Substance* |
| Raheem | 13 | May 7, 2020 | *Distribution of Controlled Substance* |
| | | | |
| Trammell | 2 | January 14, 2020 | *Distribution of Controlled Substance* |
| Trammell | 3 | January 22, 2020 | *Distribution of Controlled Substance* |
| Trammell | 4 | January 30, 2020 | *Distribution of Controlled Substance* |
| Trammell | 6 | February 13, 2020 | *Distribution of Controlled Substance* |
| Trammell | 11 | April 1, 2020 | *Distribution of Controlled Substance* |
| Trammell | 12 | May 1, 2020 | *Distribution of Controlled Substance* |
| Trammell | 13 | May 7, 2020 | *Distribution of Controlled Substance* |
| Trammell | 14 | May 21, 2020 | *Distribution of Controlled Substance* |

Defendant Frank Trammell, Jr., is additionally charged in Count 15 with knowingly and intentionally possessing with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl on or about July 15, 2020.

If you find either defendant guilty of any of these charges, you will then be asked to determine the quantity of the controlled substance involved in the offense. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least 40 grams of a mixture and substance

containing a detectable amount of fentanyl, then please indicate that finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity.  If you unanimously find that the government has proved beyond a reasonable doubt that the offense involved some quantity less than 40 grams of a mixture and substance containing a detectable amount of fentanyl, then please indicate this finding by checking that line on the special verdict form.

In determining the quantity of the controlled substance, you need not find that the defendant knew that his offense involved this quantity of drugs.

**DEFINITION OF THE CRIME**
**Count 19: Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

Count 19 of the indictment charges Defendant Frank Trammell, Jr. with possession of a firearm in furtherance of a drug trafficking crime.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    A. First: That the defendant committed the crime(s) of Count 1, conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, Count 2, 3, 4, 6, 11, 12, 13, or 14, distribution of a controlled substance, or Count 15, possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl.  Conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, distribution of a controlled substance, or possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl are drug trafficking crimes which may be prosecuted in a court of the United States.

    B. Second: That the defendant knowingly possessed a firearm.

    C. Third: That the possession of the firearm was in furtherance of the crime charged in Counts 1, 2, 3, 4, 6, 11, 12, 13, 14, or 15.

Now I will give you more detailed instructions on some of these terms.

A. The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

B. The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

C. The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count 1, 2, 3, 4, 6, 11, 12, 13, 14, or 15. In deciding whether the firearm was possessed to advance or promote the crime charged in Count 1, 2, 3, 4, 6, 11, 12, 13, 14, or 15, you may consider these factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) the type of drug trafficking crime; and (5) the time and circumstances under which the firearm was found. This list is not exhaustive.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

## INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way to prove a defendant's state of mind directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## ACTUAL AND CONSTRUCTIVE POSSESSION

Next, I want to explain something about possession.  The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime.  The law recognizes two kinds of possession—actual possession and constructive possession.  Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm, at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime.  This, of course, is all for you to decide.

**Aiding and Abetting Count 19: Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

(1) For you to find Defendant Frank Trammell, Jr. guilty of possessing a firearm in furtherance of a drug trafficking crime, it is not it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime.  A person who does this is called an aider and abettor.

(2) But for you to find the defendant guilty of possessing a firearm in furtherance of a drug trafficking crime as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

> A. First, that the crime of possessing a firearm in furtherance of a drug trafficking crime was committed.

> B. Second, that the defendant helped to commit, or encouraged someone else to commit, the crime of possessing a firearm in furtherance of a drug trafficking crime.

> C. And third, that the defendant intended to help commit or encourage the crime of possessing a firearm in furtherance of a drug trafficking crime. The defendant intended to aid and abet the crime of possessing a firearm in furtherance of a drug trafficking crime if he had advance knowledge that an accomplice would possess a firearm during the commission of a drug trafficking crime. Advance knowledge means knowledge at a time the defendant can attempt to alter the plan or withdraw from the enterprise. Knowledge of the firearm may, but does not have to, exist before the underlying crime is begun.  It is sufficient if the

37

defendant gained the knowledge in the midst of the underlying crime, as long as the defendant chose to continue to participate in the crime and had a realistic opportunity to withdraw. You may, but need not, infer that the defendant had sufficient foreknowledge if you find that the defendant chose to continue his participation in the crime after the defendant knew an accomplice possessed a firearm.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of possessing a firearm in furtherance of a drug trafficking crime as an aider and abettor.

**DEFENDANTS' ELECTON NOT TO TESTIFY**

A defendant has an absolute right not to testify or present evidence.  The fact that the defendants did not testify or present evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove each defendant guilty beyond a reasonable doubt.  It is not up to the defendants to prove that they are innocent.

**OPINION TESTIMONY**

You have heard the testimony of Blake Downing, Wes Troutman, Mark Frisch, Tara Remagen, Brittany Harper, Lora Lopez, and Rachel Abbott who testified as an opinion witness.

You do not have to accept these witnesses' opinions. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached their conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## A WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of Blake Downing, Mark Frisch, Tara Remagen, Brittany Harper, Lora Lopez, and Rachel Abbott, who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept these witnesses' opinions.  In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached their conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## DELIBERATIONS AND VERDICT

Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

### RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A

juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial

could result, which would require the entire trial process to start over.

**UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendants guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his or her guilt beyond a reasonable doubt.

To find the defendants not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

46

## JUROR NOTES

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

**VERDICT FORM**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and notify the Courtroom Security Officer.

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                          Plaintiff

v.                                          Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                            Defendants
KHALID ASHANTI RAHEEM, II

## **VERDICT FORM**

### **Count 1 – Conspiracy to Distribute Controlled Substances**

Question 1.  With respect to the charge in Count 1, Conspiracy to Distribute Controlled

Substances, we, the jury, find the defendant, Frank Trammell, Jr.:


        GUILTY_____          NOT GUILTY_____


                              _____        _____
                              Foreperson                          Juror No.


                              Date: _____


If you find Frank Trammell, Jr. not guilty, do not consider Question 1(a) or Question 1(b),

and move on to the next count.

If you answered guilty in response to Question 1, proceed to Question 1(a) and Question

1(b).

1

Question 1(a).  With respect to Count 1, the amount of fentanyl that was attributable to defendant Frank Trammell, Jr. as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____ 40 grams or more

_____ less than 40 grams

_____     _____
Foreperson                                              Juror No.


Date: _____


Question 1(b).  With respect to Count 1, the amount of heroin that was attributable to defendant Frank Trammell, Jr. as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____ 100 grams or more

_____ less than 100 grams

_____     _____
Foreperson                                              Juror No.


Date: _____

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                                Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                            Defendants
KHALID ASHANTI RAHEEM, II

**<u>VERDICT FORM</u>**

**Count 1 – Conspiracy to Distribute Controlled Substances**

Question 1.  With respect to the charge in Count 1, Conspiracy to Distribute Controlled

Substances, we, the jury, find the defendant, Khalid Ashanti Raheem, II:


GUILTY_____          NOT GUILTY_____


_____          _____
Foreperson                              Juror No.


Date: _____


If you find Khalid Ashanti Raheem, II not guilty, do not consider Question 1(a) or Question

1(b), and move on to the next count.

If you answered guilty in response to Question 1, proceed to Question 1(a) and Question

1(b).

3

Question 1(a).  With respect to Count 1, the amount of fentanyl that was attributable to defendant Khalid Ashanti Raheem, II as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____ 40 grams or more

_____ less than 40 grams

Question 1(b).  With respect to Count 1, the amount of heroin that was attributable to defendant Frank Trammell, Jr. as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____ 100 grams or more

_____ less than 100 grams

_____        _____

Foreperson                                            Juror No.

Date: _____

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                        Defendants
KHALID ASHANTI RAHEEM, II

## **VERDICT FORM**

### **Count 2 – Distribution of Controlled Substance**

Question 1.  With respect to the charge in Count 2, Distribution of Controlled Substances

on January 14, 2020, we, the jury, find the defendant, Frank Trammell, Jr.:


GUILTY_____          NOT GUILTY_____


_____          _____
Foreperson                                Juror No.


Date: _____


If you find Frank Trammell, Jr. not guilty, do not consider Question 1(a), and move on to

the next count.

If you answered guilty in response to Question 1, proceed to Question 1(a).

5

Question 1(a).  With respect to Count 1, the amount of the mixture of substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more

_____ less than 40 grams

_____          _____
Foreperson                                              Juror No.


Date: _____

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                              Plaintiff

v.                                          Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                                   Defendants
KHALID ASHANTI RAHEEM, II

## **VERDICT FORM**

### **Count 3 – Distribution of Controlled Substance**

Question 1.  With respect to the charge in Count 3, Distribution of Controlled Substances on January 22, 2020, we, the jury, find the defendant, Frank Trammell, Jr.:

GUILTY_____        NOT GUILTY_____


_____        _____
Foreperson                                     Juror No.


Date: _____

If you find Frank Trammell, Jr. not guilty, do not consider Question 1(a), and move on to the next count.

If you answered guilty in response to Question 1, proceed to Question 1(a).

7

Question 1(a).  With respect to Count 3, the amount of the mixture of substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more

_____ less than 40 grams

_____          _____
Foreperson                                               Juror No.


Date: _____

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                         Plaintiff

v.                                               Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                            Defendants
KHALID ASHANTI RAHEEM, II

## **VERDICT FORM**

### **Count 4 – Distribution of Controlled Substance**

Question 1.  With respect to the charge in Count 4, Distribution of Controlled Substances on January 30, 2020, we, the jury, find the defendant, Frank Trammell, Jr.:

GUILTY_____          NOT GUILTY_____

_____          _____
Foreperson                                      Juror No.

Date: _____

If you find Frank Trammell, Jr. not guilty, do not consider Question 1(a), and move on to the next count.

If you answered guilty in response to Question 1, proceed to Question 1(a).

9

Question 1(a).  With respect to Count 4, the amount of the mixture of substance containing

a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more

_____ less than 40 grams

_____        _____

Foreperson                                             Juror No.


Date: _____

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                          Plaintiff

v.                                               Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                              Defendants
KHALID ASHANTI RAHEEM, II

## **VERDICT FORM**

### **Count 6 – Distribution of Controlled Substance**

Question 1.  With respect to the charge in Count 6, Distribution of Controlled Substances

on February 13, 2020, we, the jury, find the defendant, Frank Trammell, Jr.:


GUILTY_____            NOT GUILTY_____


_____       _____
Foreperson                              Juror No.


Date: _____


If you find Frank Trammell, Jr. not guilty, do not consider Question 1(a), and move on to

the next count.

If you answered guilty in response to Question 1, proceed to Question 1(a).

11

Question 1(a).  With respect to Count 6, the amount of the mixture of substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more

_____ less than 40 grams

_____     _____
Foreperson                                              Juror No.


Date: _____

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                      Plaintiff

v.                                          Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                          Defendants
KHALID ASHANTI RAHEEM, II

## **VERDICT FORM**

### **Count 11 – Distribution of Controlled Substance**

Question 1.  With respect to the charge in Count 11, Distribution of Controlled Substances

on April 1, 2020, we, the jury, find the defendant, Frank Trammell, Jr.:


GUILTY_____          NOT GUILTY_____


_____          _____

Foreperson                              Juror No.


Date: _____


If you find Frank Trammell, Jr. not guilty, do not consider Question 1(a), and move on to

the next count.

If you answered guilty in response to Question 1, proceed to Question 1(a).


13

Question 1(a).  With respect to Count 11, the amount of the mixture of substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more

_____ less than 40 grams

_____     _____

Foreperson                              Juror No.

Date: _____

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                          Plaintiff

v.                                              Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                              Defendants
KHALID ASHANTI RAHEEM, II

## **VERDICT FORM**

**Count 12 – Distribution of Controlled Substance**

Question 1.  With respect to the charge in Count 12, Distribution of Controlled Substances

on May 1, 2020, we, the jury, find the defendant, Frank Trammell, Jr.:


GUILTY_____          NOT GUILTY_____


_____          _____
Foreperson                                    Juror No.


Date: _____


If you find Frank Trammell, Jr. not guilty, do not consider Question 1(a), and move on to

the next count.

If you answered guilty in response to Question 1, proceed to Question 1(a).


15

Question 1(a).  With respect to Count 12, the amount of the mixture of substance containing

a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more

_____ less than 40 grams

_____          _____

Foreperson                                                      Juror No.


Date: _____

16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                              Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                         Defendants
KHALID ASHANTI RAHEEM, II

### **VERDICT FORM**

### **Count 12 – Distribution of Controlled Substance**

Question 1.  With respect to the charge in Count 12, Distribution of Controlled Substances on May 1, 2020, we, the jury, find the defendant, Khalid Ashanti Raheem, II:


GUILTY_____          NOT GUILTY_____



_____          _____
Foreperson                              Juror No.


Date: _____


If you find Khalid Ashanti Raheem, II not guilty, do not consider Question 1(a), and move on to the next count.

If you answered guilty in response to Question 1, proceed to Question 1(a).

17

Question 1(a).  With respect to Count 12, the amount of the mixture of substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more

_____ less than 40 grams

_____        _____

Foreperson                                                      Juror No.

Date: _____

18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                              Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                          Defendants
KHALID ASHANTI RAHEEM, II

### **VERDICT FORM**

### **Count 13 – Distribution of Controlled Substance**

Question 1.  With respect to the charge in Count 13, Distribution of Controlled Substances

on May 7, 2020, we, the jury, find the defendant, Frank Trammell, Jr.:


GUILTY_____          NOT GUILTY_____


_____          _____
Foreperson                                      Juror No.


Date: _____


If you find Frank Trammell, Jr. not guilty, do not consider Question 1(a), and move on to

the next count.

If you answered guilty in response to Question 1, proceed to Question 1(a).

19

Question 1(a).  With respect to Count 13, the amount of the mixture of substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more

_____ less than 40 grams

_____          _____
Foreperson                                              Juror No.


Date: _____

20

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                           Plaintiff

v.                                                    Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                               Defendants
KHALID ASHANTI RAHEEM, II

## **VERDICT FORM**

### **Count 13 – Distribution of Controlled Substance**

Question 1.  With respect to the charge in Count 13, Distribution of Controlled Substances

on May 7, 2020, we, the jury, find the defendant, Khalid Ashanti Raheem, II:


GUILTY_____          NOT GUILTY_____


_____          _____
Foreperson                                  Juror No.


Date: _____


If you find Khalid Ashanti Raheem, II not guilty, do not consider Question 1(a), and move

on to the next count.

If you answered guilty in response to Question 1, proceed to Question 1(a).

21

Question 1(a).  With respect to Count 13, the amount of the mixture of substance containing

a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more

_____ less than 40 grams

_____          _____

Foreperson                                                      Juror No.


Date: _____

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                       Defendants
KHALID ASHANTI RAHEEM, II

## **VERDICT FORM**

### **Count 14 – Distribution of Controlled Substance**

Question 1.  With respect to the charge in Count 14, Distribution of Controlled Substances

on May 21, 2020, we, the jury, find the defendant, Frank Trammell, Jr.:


GUILTY_____           NOT GUILTY_____


_____        _____
Foreperson                                      Juror No.


Date: _____


If you find Frank Trammell, Jr. not guilty, do not consider Question 1(a), and move on to

the next count.

If you answered guilty in response to Question 1, proceed to Question 1(a).

23

Question 1(a).  With respect to Count 14, the amount of the mixture of substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more

_____ less than 40 grams

_____     _____

Foreperson                                          Juror No.


Date: _____

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                              Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                         Defendants
KHALID ASHANTI RAHEEM, II

## **VERDICT FORM**

### **Count 15 – Possession with Intent to Distribute Fentanyl**

Question 1.  With respect to the charge in Count 15, Possession with Intent to Distribute

Fentanyl, we, the jury, find the defendant, Frank Trammell, Jr.:

GUILTY_____          NOT GUILTY_____

_____          _____
Foreperson                                Juror No.

Date: _____

If you find Frank Trammell, Jr. not guilty, do not consider Question 1(a), and move on to

the next count.

If you answered guilty in response to Question 1, proceed to Question 1(a).

25

Question 1(a).  With respect to Count 15, the amount of the mixture of substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more

_____ less than 40 grams

_____          _____

Foreperson                                                        Juror No.


Date: _____

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                              Criminal Action No. 3:20-cr-061-RGJ

FRANK TRAMMELL, JR.                                        Defendants
KHALID ASHANTI RAHEEM, II

## **VERDICT FORM**

**Count 19 – Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

Question 1.  With respect to the charge in Count 19, Possession of a Firearm in Furtherance

of a Drug Trafficking Crime, we, the jury, find the defendant, Frank Trammell, Jr.:


GUILTY_____          NOT GUILTY_____



_____        _____
Foreperson                     Juror No.


Date: _____

27